UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSEPH F. SORENTI, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 11-10753-JLT |
| | * | |
| PAUL DOYLE and JOSHUA FRIES, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM

April 4, 2013

TAURO, J.

I.  Introduction

Plaintiff Joseph Sorenti ("Sorenti") brings this suit against Massachusetts State Troopers Paul Doyle ("Doyle") and Joshua Fries ("Fries") arising out his arrest on July 1, 2008. Sorenti claims that Doyle and Fries arrested him without probable cause and used unjustified force in effectuating his arrest. Fries moved for summary judgment as to all counts. For the reasons set forth below, Fries's Motion for Summary Judgment [#53] is DENIED as to Counts I, II, IV, and V. Count III is dismissed as to Fries by agreement of the parties. And, the court need not address Fries's motion as to Counts VI, VII, and VIII because Sorenti has not brought claims against Fries in these counts.

II.  Factual Background[1]

Sorenti resides in Bourne, Massachusetts with his children, Frank and Barbara. Sorenti also owns and operates a garage named Little Red Tow Truck.

On June 30, 2008, Doyle was off duty and driving down Old Plymouth Road in Bourne. He noticed a fourteen year old boy, later determined to be Frank, move his hand up and down

---

[1] The court presents the facts in the record in the light most favorable to Sorenti.

near his hip, which Doyle interpreted to be an obscene gesture.[2]

Doyle turned his car around, pulled up beside Frank, and accused Frank of making an obscene gesture.[3]  Frank did not understand what Doyle was referring to and denied making any such gesture.[4]  Frank identified himself and his father, and pointed towards his nearby home.[5]  Doyle advised Frank that he would return to speak to Frank's father.[6]  Frank testified that Doyle yelled and used expletives during this encounter.[7]  Later that day, Frank told his father, Sorenti, about his encounter with Doyle.[8]

The next day, on July 1, 2008, Doyle met with Fries in a Dunkin' Donuts parking lot in Bourne.[9]  Both were on duty and in uniform.  Doyle told Fries about his encounter with Frank the previous day and about his plan to go to Little Red Tow Truck to confront Sorenti regarding Frank's gesture.[10]  Fries went on patrol and Doyle left to confront Sorenti.[11]

When Doyle arrived at Little Red Tow Truck, Sorenti's children, Frank and Barbara, were present in the garage.  Doyle waited until Sorenti finished speaking with a customer, then

---

[2] Doyle Dep. 17:11-16 [#60-2]; Frank Sorenti Dep. 11:16-15:21 [#54-1].

[3] Frank Sorenti Dep. 13:8-9.

[4] Frank Sorenti Dep. 12:21-24, 13:9-10, 13:19-20.

[5] Frank Sorenti Dep. 14:17-24.

[6] Frank Sorenti Dep. 14:17-19.

[7] Frank Sorenti Dep. 12:21-23, 13:6-12.

[8] Frank Sorenti Dep. 17:7-18:5; Joseph Sorenti Dep. 32:1-16 [#64].

[9] Fries Dep. 21:12-22:6 [#60-1].

[10] Fries Dep. 21:12-23:17; Doyle Dep. 18:18-19:13, 24:8-18.

[11] Fries Dep. 23:12-22.

approached Sorenti and accused Frank of making an obscene gesture the previous day.[12] Doyle demonstrated the gesture as well.[13] Sorenti denied that Frank made an obscene gesture.[14] Sorenti and Frank both testified that Sorenti remained calm while Doyle yelled and used expletives during this conversation.[15] Doyle testified that it was Sorenti who was yelling.[16]

The parties dispute the events that followed. According to Sorenti and Frank, Doyle approached Sorenti quickly, pointed his finger at Sorenti's face, and said, "You're fucking going down."[17] Sorenti told Doyle to leave and that he was going to call 9-1-1.[18] Doyle then grabbed Sorenti's hand and told Sorenti he was going to jail.[19] Doyle released Sorenti's hand and Sorenti walked over to the phone to call 9-1-1 and the Bourne police.[20] Doyle testified to a different version of these events and stated that Sorenti was screaming and acting erratically.[21]

While Sorenti was on the phone, Doyle went outside the garage and called Fries.[22] Doyle asked Fries to come to the scene but did not describe what had happened.[23] Fries arrived within

---

[12] Joseph Sorenti Dep. 53:14-56:4.

[13] Joseph Sorenti Dep. 57:8-59:4; Frank Sorenti Dep. 26:9-17.

[14] Joseph Sorenti Dep. 60:8-61:12; Frank Sorenti Dep. 26:19-27:13.

[15] Joseph Sorenti Dep. 56:1-9; Frank Sorenti Dep. 22:18-23, 26:5-9.

[16] Doyle Dep. 30:24-32:7.

[17] Joseph Sorenti Dep. 63:3-8; Frank Sorenti Dep. 28:10-17.

[18] Joseph Sorenti Dep. 65:21-23, 71:2-8.

[19] Joseph Sorenti Dep. 65:20-23, 71:5-22.

[20] Joseph Sorenti Dep. 69:1-21, 72:3-6; Frank Sorenti Dep. 30:14-19.

[21] Doyle Dep. 30:24-36:10.

[22] Joseph Sorenti Dep. 75:1-8; Doyle Dep. 33:10-11.

[23] Doyle Dep. 33:15-17; Fries Dep. 25:9-12.

approximately five minutes of Doyle's call.[24]  Fries does not recall having a conversation with Doyle when he arrived at the garage.[25]

When Fries walked into the garage, Sorenti thought that Fries was responding to his call to the Bourne police and said, "Good, I'm glad you're here."[26]  Fries responded, "There are no deals being made now, Buddy."[27]  Doyle told Sorenti that he was under arrest for disorderly conduct.[28]  Sorenti responded, "This is my place; I tell you what's disorderly; you can't tell me," and attempted to walk away.[29]

According to Sorenti, Doyle and Fries shoved Sorenti against a car and attempted to force and twist his hands together behind his back in order to apply handcuffs.[30]  Doyle grabbed Sorenti's left arm and Fries grabbed his right.[31]  Sorenti testified that he did not resist but that he was physically unable to put his hands behind his back due to his build.[32]  Doyle and Fries, in contrast, testified that Sorenti was actively resisting arrest.[33]  Sorenti and Frank both testified that Sorenti told the troopers that he was in pain and that he was unable to put his hands together

---

[24] Fries Dep. 24:21-22.

[25] Fries Dep. 29:10-13.

[26] Joseph Sorenti Dep. 75:23-76:2; Frank Sorenti Dep. 30:22-31:2.

[27] Joseph Sorenti Dep. 76:2-5; Frank Sorenti Dep. 31:3-4.

[28] Joseph Sorenti Dep. 76:22-77:5; Frank Sorenti Dep. 34:19-22.

[29] Joseph Sorenti Dep. 77:6-14.

[30] Joseph Sorenti Dep. 78:3-6.

[31] Frank Sorenti Dep. 35:9-10; Doyle Dep. 40:11-13; Fries Dep. 29:21-22, 30:20-22.

[32] Joseph Sorenti Dep. 88:2-3; 88:18-19.

[33] Doyle Dep. 39:23-40:6; Fries Dep. 31:1-6.

behind his back.[34] Even after these statements, the troopers continued to use force, including a baton, to pry Sorenti's hands together.[35] The troopers popped Sorenti's shoulder out of its socket three times during this encounter.[36] Eventually, the troopers resorted to the use of two handcuffs.[37] Doyle then drove Sorenti to the police station.

Fries later interviewed Robert Trimble, who was outside the garage during the encounter. Fries attached his notes from the interview to Doyle's police report. Fries wrote that "Trimble did state that Sorenti has a short temper."[38] Trimble submitted an affidavit in which he denied making this statement.[39]

Sorenti filed a complaint in this court on May 2, 2011. Sorenti then amended his complaint on June 15, 2011. Sorenti claims that Doyle and Fires wrongfully arrested him without probable cause and conspired in doing so. Sorenti brings eight counts, including (1) 42 U.S.C. § 1983, (2) conspiracy in violation of 42 U.S.C. § 1983, (3) Massachusetts Civil Rights Act, (4) false imprisonment, (5) assault and battery, (6) malicious prosecution, (7) abuse of process, and (8) negligence. Fries moved for summary judgment as to all counts.

III.   Discussion

   A.   Legal Standard

To prevail on a motion for summary judgment, the movant must demonstrate "that there is

---

[34] Joseph Sorenti Dep. 78:7-79:14; Frank Sorenti Dep. 35:23-36:5, 38:10-12.

[35] Joseph Sorenti Dep. 78:7-79:14.

[36] Joseph Sorenti Dep. 79:6-7.

[37] Joseph Sorenti Dep. 79:21-22; Frank Sorenti Dep. 39:20-22.

[38] Police Report [#60-3].

[39] Trimble Aff. ¶ 8 [#60-4].

5

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[40] A factual dispute is "genuine" if a reasonable jury could resolve the issue in favor of the nonmoving party.[41] In deciding summary judgment, the court must view the record "in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party."[42]

### B. Defendant Fries's Motion for Summary Judgment

#### i. Counts I and II: Conspiracy in Violation of 42 U.S.C. § 1983

In Counts I and II, Sorenti seeks to hold Fries liable under § 1983 for violations of his Fourth and Fourteenth Amendment rights.[43] Sorenti claims that Doyle and Fries arrested him without probable cause. Sorenti further claims that the troopers conspired in doing so. Fries concedes for the purposes of his motion that Sorenti was arrested without probable cause in violation of his Fourth Amendment rights.[44] Fries moves for summary judgment as to Counts I and II on three grounds (1) it was Doyle, not Fries, that arrested Sorenti, (2) there is insufficient evidence of a conspiracy, and (3) Fries is entitled to qualified immunity.

##### a. Arrest

Fries argues that he cannot be liable under § 1983 for Sorenti's arrest because Doyle made the decision to arrest and attempted to handcuff Sorenti *before* Fries arrived on the scene. The

---

[40] Fed. R. Civ. P. 56(a).

[41] United States v. One Parcel of Real Prop., 960 F.2d 200, 204 (1st Cir. 1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

[42] De La Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 5 (1st Cir. 2000).

[43] In both Counts I and II, Sorenti alleges a conspiracy and brings claims for violation of 42 U.S.C § 1983 based on Doyle and Fries's conduct in arresting Sorenti without probable cause. Neither party distinguishes between these counts in their filings. As a result, the court treats them as the same count for purposes of Fries's motion for summary judgment.

[44] Def.'s Mem. in Supp. of Summ. J. 5 [#55].

parties, however, present conflicting evidence as to the sequence of events. Sorenti and Frank both testified that it was only *after* Fries arrived that Doyle told Sorenti he was under arrest and attempted to apply handcuffs.[45] They further testified that both troopers acted together to effectuate the arrest, with Doyle grabbing Sorenti's left arm and Fries grabbing his right. From this evidence, a reasonable jury could find that Fries participated in Sorenti's arrest.

          b.    Conspiracy

Fries argues that Sorenti has failed to offer sufficient evidence of an unlawful agreement. "A principal element of a 42 U.S.C. § 1983 conspiracy is an agreement between the parties to inflict a wrong or injury upon another in violation of that person's civil rights."[46] A plaintiff need not present direct evidence of an agreement, but may prove a civil rights conspiracy through circumstantial evidence.[47] "Conspiracy is often beyond the reach of summary judgment because 'agreement is rarely out in the open, and proof of conscious complicity may depend upon the careful marshalling of circumstantial evidence and the opportunity to cross-examine hostile witnesses.'"[48] Summary judgment is appropriate, however, where the plaintiff merely rests on conclusory allegations of collusion.[49]

There is a genuine dispute of material fact as to whether Fries conspired with Doyle to

---

[45] Joseph Sorenti Dep. 72:18-20, 76:22-78:6; Frank Sorenti Dep. 34:19-35:6; see also California v. Hodari D., 499 U.S. 621, 626 (1991) ("An arrest requires *either* physical force . . . *or*, where that is absent, *submission* to the assertion of authority." (emphasis in original)).

[46] Basu v. Brogan, 47 F. App'x 586, 587 (1st Cir. 2002) (citing Earle v. Benoit, 850 F.2d 836, 844 (1st Cir. 1988)).

[47] Santiago v. Fenton, 891 F.2d 373, 389 (1st Cir. 1989) (citing Earle, 850 F.2d at 845).

[48] Philbrook v. Perrigo, 637 F. Supp. 2d 48, 57 (D. Mass. 2009) (quoting Ferguson v. Omnimedia, Inc., 469 F.2d 194, 198 (1st Cir. 1972)).

[49] Estate of Bennett v. Wainwright, 548 F.3d 155, 177-78 (1st Cir. 2008).

arrest Sorenti without probable cause. Sorenti presents evidence that (1) Doyle and Fries had a social as well as professional relationship,[50] (2) Doyle and Fries met and discussed Doyle's plan to confront Sorenti just prior to the incident, (3) at the garage, Doyle called Fries directly rather than calling dispatch, (4) Fries arrived at the scene within approximately five minutes of Doyle's call, (5) upon arrival, Fries immediately assisted Doyle in handcuffing Sorenti without any preliminary discussion of the basis for arrest, and (6) Fries fabricated a witness statement and attached it to Doyle's police report to support Sorenti's arrest. Based on this evidence, a jury could infer a conspiracy. The jury is better suited to undertake this fact-sensitive analysis and to gauge the witnesses' credibility. Accordingly, summary judgment is denied on this ground.

### c. Qualified Immunity

Finally, Fries argues that he is entitled to qualified immunity. The First Circuit applies the following qualified immunity analysis:

> We ask (1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right; and (2) if so, whether the right was clearly established at the time of the defendant's alleged violation. The second prong, in turn, has two parts. We ask (a) whether the legal contours of the right in question were sufficiently clear that a reasonable officer would have understood that what he was doing violated the right, and (b) whether in the particular factual context of the case, a reasonable officer would have understood that his conduct violated the right.[51]

Fries does not dispute prongs (1) and (2)(a) for the purposes of his motion. Rather, Fries moves for summary judgment based on prong (2)(b) – whether a reasonable officer, with the facts

---

[50] Fries Dep. 21:9-11.

[51] Mlodzinski v. Lewis, 648 F.3d 24, 32-33 (1st Cir. 2011) (internal quotations and citations omitted).

available to Fries at the time, would have understood that his conduct violated Sorenti's right to be free from false arrest. This question hinges on what Fries knew at the time of arrest.[52]

Qualified immunity is ordinarily a question of law for the court.[53] If, however, a determination of qualified immunity hinges on a disputed material fact, the factual dispute must be resolved by the jury and summary judgment is inappropriate.[54] For instance, "if what the policeman knew prior to the arrest is genuinely in dispute, and if a reasonable officer's perceptions of probable cause would differ depending on the correct version, that factual dispute must be resolved by the fact finder."[55]

Here, there is a genuine dispute of material fact as to what Fries's knew at the time of arrest. Sorenti presents evidence that Fries knew that Doyle had personal motivations for his visit with Sorenti. Sorenti further presents evidence that Fries knew that the troopers lacked probable cause but nevertheless arrested Sorenti pursuant to a conspiracy. Fries, on the other hand, denies these allegations and argues that he acted in an objectively reasonable manner in assisting a fellow officer with an arrest. As discussed above, a reasonable jury could credit Sorenti's conspiracy claim. Resolution of this factual dispute is a prerequisite for a determination of qualified

---

[52] See Kelley v. LaForce, 288 F.3d 1, 7 (1st Cir. 2002) ("A determination of objective reasonableness 'will often require examination of the information possessed' by the defendant officials." (quoting Anderson v. Creighton, 483 U.S. 635, 641 (1987))).

[53] St. Hilaire v. City of Laconia, 71 F.3d 20, 24 (1st Cir. 1995) (citing Hunter v. Bryant, 502 U.S. 224, 228 (1991)).

[54] Wilson v. City of Boston, 421 F.3d 45, 53 (1st Cir. 2005); Kelley, 288 F.3d at 7 ("Although, '[w]e recognize that the immunity question should be resolved, where possible, in advance of trial,' pre-trial resolution sometimes will be impossible because of a dispute as to material facts. In such a case, the factual issues must be decided by the trier of fact, thereby precluding summary judgment." (citing Swain v. Spinney, 117 F.3d 1, 10 (1st Cir. 1997))).

[55] Prokey v. Watkins, 942 F.2d 67, 73 (1st Cir. 1991) (citing cases).

immunity. Accordingly, the court cannot decide qualified immunity at the summary judgment stage.

### ii. Count III: Massachusetts Civil Rights Act

Sorenti agreed to dismiss this claim in his response to Fries's motion for summary judgment.[56] As a result, Count III is dismissed as to Defendant Fries by agreement of the parties.

### iii. Count IV: False Imprisonment

False imprisonment consists of the "(1) intentional and (2) unjustified (3) confinement of a person, (4) directly or indirectly (5) of which the person confined is conscious or is harmed by such confinement."[57] An arresting officer may be liable for false imprisonment unless the officer had "reasonable grounds" for making the arrest.[58] The requirement of "reasonable grounds" substantially overlaps with the constitutional requirement of probable cause.[59]

Fries presents two arguments for summary judgment on Count IV: (1) it was Doyle, not Fries, that arrested and confined Sorenti, and (2) Fries had "reasonable grounds" to assist in the arrest. As to Fries's first argument, Sorenti presents sufficient evidence that Fries actively participated in his arrest, thereby confining Sorenti for the purposes of a false imprisonment claim. As to Fries's second argument, there is a genuine dispute of material fact as to whether Fries had "reasonable grounds" to believe that Sorenti had committed a crime. As discussed above, a jury could find that Fries knew that the troopers lacked probable cause but nevertheless arrested Sorenti pursuant to a conspiracy with Doyle. As a result, summary judgment is denied.

---

[56] Pl.'s Opp'n to Summ. J. 8 [#59].

[57] Sietins v. Joseph, 238 F. Supp. 2d 366, 381 (D. Mass. 2003) (citing cases).

[58] Santiago v. Fenton, 891 F.2d 373, 383 (1st Cir. 1989).

[59] Id. (citing cases).

      iv.      Count V: Assault and Battery

In Count V, Sorenti claims that Fries used unjustified force in restraining Sorenti's hands behind his back while placing him under arrest for disorderly conduct. Fries moves for summary judgment on the ground that his use of force was justified.

Under Massachusetts law, a police officer may be liable for assault and battery for using "intentional and unjustified force" in making an arrest.[60] An officer is permitted to use "such force as is reasonably necessary to effect the arrest."[61] The officer may not, however, use force that is excessive or unreasonable under the circumstances.[62]

There is a genuine dispute of material fact as to whether Fries's use of force was unreasonable. Sorenti and Frank both testified that (1) Sorenti is physically unable to touch his hands together behind his back due to his build, (2) Sorenti told Doyle and Fries that he was unable to put his hands together behind his back and that the officers were hurting him, (3) even after these statements, the officers continued to use force, including the use of a baton, to pry and twist Sorenti's hands together, (4) the officers popped Sorenti's shoulder out of its socket three times, and (5) Sorenti was not resisting the officers. Fries, on the other hand, presents evidence that Sorenti was acting aggressively and resisting arrest. It is for the jury, not the court, to decide

---

[60] Rose v. Town of Concord, 971 F.Supp. 47, 51 (D. Mass. 1997) (citing Powers v. Sturtevant, 85 N.E. 84, 84 (Mass. 1908)).

[61] Id. (quoting Julian v. Randazzo, 403 N.E.2d 931, 934 (Mass. 1980)).

[62] Id.; see Rose v. Dennehy, No. 08-10050-NMG, 2010 WL 3703229, at *9 (D. Mass. Sept. 15, 2010).

whose testimony to credit. Based on the above evidence, a reasonable jury could find Fries's use of force unreasonable.[63] Accordingly, summary judgment is denied on this Count.

### v. Counts VI, VII, and VIII

Fries moves for summary judgment as to Counts VI, VII, and VIII on number of grounds. This court need not address Fries's arguments because Sorenti does not bring claims against Fries in these counts. Rather, in Counts VI and VII, Sorenti brings claims for malicious prosecution and abuse of process against Doyle.[64] And, in Count VIII, Sorenti brings a claim for negligence against the Commonwealth of Massachusetts.[65]

## IV. Conclusion

For the above-stated reasons, Fries's Motion for Summary Judgment [#53] is DENIED as to Counts I, II, IV, and V. Count III is dismissed as to Fries by agreement of the parties. The court need not address Fries's arguments as to Counts VI, VII, and VIII.

AN ORDER HAS ISSUED.

    /s/ Joseph L. Tauro  
United States District Judge

---

[63] See, e.g., Aceto v. Kachajian, 240 F. Supp. 2d 121, 124-127 (D. Mass. 2003) (denying summary judgment on excessive force and assault and battery claims where the officers refused to handcuff plaintiff in front of her body, rather than behind her back for a minor crime, after plaintiff notified the officers of a shoulder injury).

[64] Am. Compl. ¶¶ 41-50 [#4].

[65] Am. Compl. ¶¶ 51-54.